UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAWRENCE HOLLIN, derivatively on behalf of SAREPTA THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> M. KATHLEEN BEHRENS, RICHARD J. BARRY, KATHRYN BOOR, MICHAEL CHAMBERS, DEIRDRE CONNELLY, DOUGLAS S. INGRAM, STEPHEN L. MAYO, CLAUDE NICAISE, HANS WIGZELL, DALLAN MURRAY, and LOUISE RODINO-KLAPAC, <br><br> Defendants, <br><br> and <br><br> SAREPTA THERAPEUTICS, INC., <br><br> Nominal Defendant. | Case No. 1:25-CV-05793-PAE <br><br> [Rel. 1:25-cv-05317-PAE] |

[*Caption continued on next page*]

| | |
|---|---|
| RICHARD SMITH, derivatively on behalf of SAREPTA THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> M. KATHLEEN BEHRENS, RICHARD J. BARRY, KATHRYN J. BOOR, MICHAEL CHAMBERS, DEIRDRE CONNELLY, DOUGLAS S. INGRAM, STEPHEN L. MAYO, CLAUDE NICAISE, HANS WIGZELL, DALLAN MURRAY, and LOUISE RODINO-KLAPAC, <br><br> Defendants, <br><br> and <br><br> SAREPTA THERAPEUTICS, INC., <br><br> Nominal Defendant. | Case No. 1:25-CV-06897-PAE <br><br> [Rel. 1:25-cv-05317-PAE] |

[*Caption continued on next page*]

2

| | |
|---|---|
| SALVATORE MANGIACAPRE, derivatively on behalf of SAREPTA THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS S. INGRAM, DALLAN MURRAY, LOUISE RODINO-KLAPAC, RICHARD J. BARRY, M. KATHLEEN BEHRENS, KATHRYN BOOR, MICHAEL CHAMBERS, DEIRDRE CONNELLY, STEPHEN L. MAYO, CLAUDE NICAISE, and HANS WIGZELL, <br><br> Defendants, <br><br> and <br><br> SAREPTA THERAPEUTICS, INC., <br><br> Nominal Defendant. | Case No. 1:25-CV-07531 <br><br> [Rel. 1:25-cv-05317-PAE] |

**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING
RELATED SHAREHOLDER DERIVATIVE ACTIONS AND
<u>APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS</u>**

WHEREAS, on July 15, 2025, plaintiff Lawrence Hollin ("Plaintiff Hollin") filed a shareholder derivative action on behalf of nominal defendant Sarepta Therapeutics, Inc. ("Sarepta" or the "Company") in this Court alleging causes of action for breach of fiduciary duties, aiding and abetting breach of fiduciary duties, unjust enrichment, waste of corporate assets, and violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against M. Kathleen Behrens ("Behrens"), Richard J. Barry ("Barry"), Kathryn Boor ("Boor"), Michael Chambers ("Chambers"), Deirdre Connelly ("Connelly"), Douglas S. Ingram ("Ingram"), Stephen L. Mayo ("Mayo"), Claude Nicaise ("Nicaise"), Hans Wigzell ("Wigzell"), Dallan Murray ("Murray"), and Louise Rodino-Klapac ("Rodino-Klapac") (the "Individual Defendants" and,

3

together with the Company, "Defendants"), and alleging a cause of action against Defendants Ingram, Murray, and Rodino-Klapac for contribution under Sections 10(b) and 21D of the Exchange Act, captioned *Hollin v. Behrens et al*, Case No. 1:25-CV-05793-PAE (the "*Hollin* Action");

WHEREAS, on August 20, 2025, plaintiff Richard Smith ("Plaintiff Smith") filed a shareholder derivative action on behalf of nominal defendant Sarepta in this Court alleging causes of action for breach of fiduciary duties, unjust enrichment, and violations of Sections 14(a) of the Exchange Act against the Individual Defendants, and alleging a cause of action against Defendants Wigzell, Mayo, Boor, Murray, and Nicaise for insider selling and misappropriation of information, captioned *Smith v. Behrens et al*, Case No. 1:25-CV-06897-PAE (the "*Smith* Action");

WHEREAS, on September 10, 2025, plaintiff Salvatore Mangiacapre ("Plaintiff Mangiacapre") (together with Plaintiffs Hollin and Smith, "Plaintiffs")[1] filed a shareholder derivative action on behalf of nominal defendant Sarepta in this Court alleging causes of action for breach of fiduciary duties, unjust enrichment, waste of corporate assets, gross mismanagement, abuse of control, and violations of Section 14(a) of the Exchange Act against the Individual Defendants, and alleging a cause of action against Defendants Ingram, Murray, and Rodino-Klapac for contribution under Sections 10(b) and 21D of the Exchange Act, captioned *Mangiacapre v. Ingram et al*, Case No. 1:25-CV-07531 (the "*Mangiacapre* Action" and together with the *Hollin* and *Smith* Actions, the "Related Derivative Actions");

WHEREAS, to the extent they have not already been served, undersigned counsel for Defendants have agreed to waive service in the Related Derivative Actions on behalf of all

---

[1] Plaintiffs and Defendants, taken together, are referred to herein as the "Parties."

Defendants;

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Parties agree that the Related Derivative Actions challenge substantially similar alleged conduct and involve overlapping questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, to avoid potentially duplicative actions and to prevent any waste of the Court's and the Parties' resources, the Parties agree that the Related Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action under Lead Case No. 1:25-CV-05793-PAE, (hereinafter referred to as the "Consolidated Action");

WHEREAS, the Parties therefore respectfully submit that the Related Derivative Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42(a);

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that Rigrodsky Law, P.A., the resume of which is attached hereto as Exhibit A, and The Brown Law Firm, P.C. the resume of which is attached hereto as Exhibit B, shall be designated as Co-Lead Counsel for Plaintiffs in the Consolidated Action; and

WHEREAS, Defendants take no position regarding the appointment of co-lead counsel for Plaintiffs;

IT IS HEREBY STIPULATED AND AGREED among the Parties, and respectfully submitted for the Court's approval, to consolidate the Related Derivative Actions and appoint Co-

Lead Counsel for Plaintiffs in the Consolidated Action, pursuant to the following terms:

1. The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Lead Case No. 1:25-CV-05793-PAE:

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Hollin v. Behrens et al* | 1:25-CV-05793-PAE | July 15, 2025 |
| *Smith v. Behrens et al* | 1:25-CV-06897-PAE | August 20, 2025 |
| *Mangiacapre v. Ingram et al* | 1:25-CV-07531 | September 10, 2025 |

2. Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SAREPTA THERAPEUTICS, INC. DERIVATIVE LITIGATION | Lead Case No. 1:25-CV-05793-PAE |
| | (Consolidated) |
| This Document Relates to:<br><br>ALL ACTIONS | [Rel. 1:25-cv-05317-PAE] |

3. All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 1:25-CV-05793-PAE.

4. Co-Lead Counsel for Plaintiffs in the Consolidated Action shall be:

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Gina M. Serra
825 East Gate Blvd., Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com

Email: gms@rl-legal.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

5. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in the Consolidated Action in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

6. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

7. Counsel for all of the Defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

8. This Order shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Sarepta Therapeutics, Inc. Derivative Litigation*, Lead Case No. 1:25-CV-05793-PAE, is hereafter filed in the Court, removed to this Court, reassigned to the Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Sarepta Therapeutics, Inc. Derivative*

*Litigation*, Lead Case No. 1:25-CV-05793-PAE, and counsel are to assist in ensuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions involving Sarepta filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court, and such shareholder derivative actions shall be consolidated into the Consolidated Action.

9. All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Action.

10. No later than November 3, 2025, the Parties shall meet and confer and submit to the Court a proposed stipulation to stay the case or a proposed schedule for further proceedings. In the meantime, Defendants are not required to answer or otherwise respond to the respective complaints filed in the Related Derivative Actions.

11. This Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions, including but not limited to any objection to forum or venue or any defense the claims were not timely made.

**IT IS SO STIPULATED.**

Respectfully submitted,

| | |
|---|---|
| DATED: October 8, 2025 | **RIGRODSKY LAW, P.A.**<br>*/s/ Gina M. Serra*<br>Seth D. Rigrodsky<br>Gina M. Serra<br>825 East Gate Blvd., Suite 300<br>Garden City, NY 11530<br>Telephone: (516) 683-3516<br>Facsimile: (302) 654-7530<br>Email: sdr@rl-legal.com<br>Email: gms@rl-legal.com<br><br>*Counsel for Plaintiff Lawrence Hollin and [Proposed] Co-Lead Counsel for Plaintiffs*<br><br>**THE BROWN LAW FIRM, P.C.**<br>*/s/ Timothy Brown*<br>Timothy Brown<br>767 Third Avenue, Suite 2501<br>New York, NY 10017<br>Telephone: (516) 922-5427<br>Email: tbrown@thebrownlawfirm.net<br><br>*Counsel for Plaintiff Samhita Gera and [Proposed] Co-Lead Counsel for Plaintiffs*<br><br>**BRAGER EAGEL & SQUIRE, P.C.**<br>*/s/ Melissa A. Fortunato*<br>Brandon Walker<br>Melissa A. Fortunato<br>810 Seventh Avenue, Suite 620<br>New York, NY 10019<br>Telephone: (212) 308-5858<br>Facsimile: (212) 214-0506<br>Email: walker@bespc.com<br>Email: fortunato@bespc.com<br><br>*Counsel for Plaintiff Richard Smith*<br><br>**LATHAM & WATKINS LLP**<br>*/s/ Sarah A. Tomkowiak*<br>Sarah A. Tomkowiak (*pro hac vice*)<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004<br>Tel: (202) 637-2200 |

Fax: (202) 637-2201
Email: sarah.tomkowiak@lw.com

Michele D. Johnson (*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: (714) 540-1235
Fax: (714) 755-8290
Email: michele.johnson@lw.com

*Attorneys for Defendants*

\* \* \*

## [PROPOSED] ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:_____    _____
                                  The Hon. Paul A. Engelmayer
                                  United States District Judge